UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRELL LEATH,

        Petitioner,

v.                      Case No. 3:07-cv-80-J-12HTS

LATIN AMERICAN CHILD CARE,

        Respondent.

_____

## ORDER

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on February 5, 2007. Although not a model of clarity, it appears that Petitioner seeks to challenge the requirement that he serve a state probationary term upon his release from the Florida Department of Corrections. Petitioner asserts that he fears he will have his probation violated because he will be unable to pay probation and he does not want the probation authorities coming to his apartment.

Petitioner also seeks some sort of guardianship of a child and her mother. Apparently the child and her mother are in another country. Clearly, guardianship is not the type of relief that can be sought through a federal petition for writ of habeas corpus.

In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Petitioner's claim

challenging a probationary term on his state sentence. For this reason, this case will be dismissed without prejudice to give Petitioner the opportunity to exhaust his state court remedies. See Rose v. Lundy, 455 U.S. 509 (1982); see also 28 U.S.C. § 2254(b)(1)(A).

Accordingly, it is now

**ORDERED:**

1. This case is dismissed without prejudice.[1]

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7TH. day of February, 2007.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 2/6
c:
Darrell Leath

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

2